UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TROY EMANUEL, JR., <br><br> Plaintiff <br><br> v. <br><br> BACA, et al., <br><br> Defendants | Case No.: 3:20-cv-00392-JAD-CSD <br><br> **Report & Recommendation of United States Magistrate Judge** <br><br> Re: ECF No. 20 |

This Report and Recommendation is made to the Honorable Jennifer A. Dorsey, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion to enforce the settlement agreement. (ECF Nos. 20, 20-1, 20-2.) Plaintiff did not file a response.

It is recommended that Defendants' motion be granted because the parties entered into a binding settlement agreement at the inmate early mediation conference (EMC).

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC), though he is now housed in Ely State Prison (ESP). (*Id.*)

The court screened Plaintiff's amended complaint and allowed him to proceed with an Eighth Amendment claim of excessive force against defendants Bartlett, Bicasan, Sheeks and Ortaga. This claim is based on allegations that while Bartlett was escorting Plaintiff from the showers to his cell, without warning, Bartlett pulled on Plaintiff's leash so hard that it broke

Plaintiff's wrist. He claims that Bicasan, Sheeks, and Ortaga then joined Bartlett in beating him up so badly that he lost consciousness. At some point later in the day, Bartlett, Bicasan, Sheeks and Ortaga entered Plaintiff's cell and slammed him to the ground without any justification. Ortaga then put Plaintiff in a chokehold while Sheeks, Bicasan, and Bartlett punched and elbowed Plaintiff in the head and body. (ECF No. 8.)

The parties participated in an EMC on November 30, 2021. (ECF No. 12.) The minutes reflect that a settlement was reached, and the general terms of the settlement were placed on the record. Deputy Attorney General (DAG) Holland was to prepare the settlement release and a stipulation for dismissal of the case with prejudice for Plaintiff's signature, which was to be filed by December 30, 2021. (ECF No. 12.)

The parties were granted several extensions of time to file the stipulation for dismissal, with the latest extension until February 28, 2022. (ECF Nos. 14, 18.) On February 25, 2022, Defendants filed this motion to enforce the settlement agreement. (ECF No. 20.)

## II. DISCUSSION

The parties participated in the EMC on November 30, 2021, before mediator Brian Brown. The transcript reflects that the parties reached a settlement: Plaintiff agreed to dismiss his case. In exchange, no payment would be made to him, but he would not be charged the $350 filing fee. Plaintiff agreed to these terms. Mediator Brown advised Plaintiff that once the terms of the agreement were placed on the record, it would be binding, even though DAG Holland would subsequently prepare a formal written agreement setting out the terms. Plaintiff indicated his understanding that he was entering into a binding settlement agreement. Plaintiff also indicated his understanding that if one of the parties refused to sign the agreement because of a

change of heart, that the other side could ask the court to enforce the settlement agreement. (ECF No. 20-2.)

"'The construction and enforcement of settlement agreements are governed by principles of local law.'" *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). "That is true, 'even where a federal cause of action is settled or released.'" *Id.* (quoting *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993)).

"Under Nevada law, 'a settlement agreement['s] construction and enforcement are governed by principles of contract law.'" *Id.* (citing *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (2005)). The "ultimate goal is to effectuate the contracting parties' intent." *In re Amerco Derivative Litig.*, 127 Nev. 196, 211, 252 P.3d 681, 693 (Nev. 2011) (citation omitted).

For a contract to be enforceable, basic contract principles require an offer and acceptance, meeting of the minds, and consideration. *May*, 121 Nev. at 672, 119 P.3d at 1257. "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *Certified Fire Protection, Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 378, 283 P.3d 250, 255 (Nev 2012) (citation omitted). Consideration requires something that is "bargained for and given in exchange for an act or promise." *Zhang v. Eighth Judicial Dist. Ct.*, 120 Nev. 1037, 103 P.3d 20, 24 n. 11 (2004), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008). A contract may be formed when the parties have agreed to the materials terms, even though the contract's exact language is not finalized until later. *May*, 121 Nev. at 672, 119 P.3d at 1257.

The Ninth Circuit has held that when the parties negotiate a settlement in off the record sessions in court, come to an agreement and place the terms on the record in open court, there is no need for an evidentiary hearing as to whether there is an agreement or what the terms are

because: "the parties [have] dispelled any such questions in open court." *Doi v. Halekulani*, 276 F.3d 1131, 1139 (9th Cir. 2002) (citation omitted).

Here, the essential terms of the settlement agreement were placed on the record: Plaintiff agreed to voluntarily dismiss his action, and in exchange he was not responsible for paying the $350 filing fee. The transcript of the proceeding reveals an offer, acceptance, meeting of the minds and consideration. Plaintiff indicated his understanding of the binding effect of the agreement, even though a formal written agreement was to be prepared by DAG Holland. According to Defendants, despite his agreement, Plaintiff did not respond to defense counsel's correspondence to execute the written settlement agreement and stipulation for dismissal of the case with prejudice. (ECF No. 20 at 2.)

The court finds there is a binding settlement agreement entered into at the EMC. Plaintiff has not filed a response indicating a dispute as to the terms. It is therefore recommended that Defendants' motion to enforce the settlement be granted, that the agreement be enforced, and this action be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion to enforce the settlement agreement (ECF No. 20) and **DISMISSING** this action **WITH PREJUDICE** pursuant to the terms of the binding settlement entered into at the EMC.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 28, 2022

_____
Craig S. Denney
United States Magistrate Judge